IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT E. JACKSON,**  　　　　　CASE NO. 2:07-cv-430
　　　　　　　　　　　　　　　　JUDGE FROST
　　**Petitioner,**　　　　　　　MAGISTRATE JUDGE ABEL

**v.**

**ERNIE MOORE, Warden,**

　　**Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURAL HISTORY

Petitioner was indicted by the September 10, 2004, term of the Franklin County grand jury on one count of aggravated burglary, in violation of O.R.C. §2911.11, two counts of aggravated robbery, in violation of O.R.C. §2911.01, two counts of kidnapping, in violation of O.R.C. §2905.01, two counts of failure to comply with an order or signal of a police officer, in violation of O.R.C. §2921.331, and one count of having a weapon while under disability, in violation of O.R.C. §2923.13, with specifications. *Exhibit 1 to Return of Writ.* On September 2, 2005, while represented by counsel, petitioner pleaded guilty to the charges. *Exhibit 2 to Return of Writ.* On January 20, 2006, he was sentenced to an aggregate

term of twenty-seven years incarceration. *Exhibit 3 to Return of Writ*. Petitioner did not timely appeal. On July 7, 2006, he filed a motion for delayed appeal. *Exhibits 4 and 5 to Return of Writ*. As cause for his untimely filing, petitioner alleged that his attorney has assured him that he would file a timely notice of appeal upon petitioner's request that he do so. *See Exhibit 5 to Return of Writ*. On September 14, 2006, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 7 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court; however, on February 7, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 10 to Return of Writ*.

On May 15, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was deprived of effective assistance of counsel for trial and appeal.
>
> Appointed counsel, upon being instructed to file an appeal of the unlawful sentence imposed in this case, agreed to do so and did not. The trial court failed to appoint counsel for appeal at all, and the court of appeals failed to appoint counsel on proper motion therefore, despite the state created obligation to comply with constitutional requirements to do so.
>
> 2. Petitioner was deprived of his right to appeal by the trial court and court of appeals, violating due process and equal protection.
>
> The trial court failed in its mandatory duty to advise petitioner, on the record, of his appeal rights and to appoint counsel to timely appeal. The court of appeals, on delayed appeal

> motion, refused to permit the delayed appeal on this ground combined with the reason that no counsel was appointed and trial counsel had agreed to appeal when asked to do so by petitioner, who asked him to do so without even having been properly advised of his right to appeal.
>
> 3. Petitioner was denied due process and the right to jury trial by enhancing his sentence over fourfold times the statutory maximum based upon judicial fact finding of facts not alleged in the charging instrument, depriving petitioner of notice and opportunity to be heard on the additional elements, and where such additional elements were not admitted, waived, or presented to a jury.

It is the position of the respondent that this action must be dismissed as unexhausted. Alternatively, respondent contends that petitioner's claims are without merit.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th

Cir.1987). The total exhaustion rule of *Rose v. Lundy*, 455 U.S. 509, 522 (1985), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition. *See id.* Under such circumstances, a stay of proceedings may be appropriate under limited circumstances:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.*, at 277.

In claim one, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after petitioner instructed him to do so and the trial court failed to appoint counsel for purposes of appeal. Citing *State v. Gover*, 71 Ohio St.3d 577, 580-81 (1995) and *Steed v. Salisbury*, 459 F.2d 475 (6th Cir. 1972), respondent contends this claim is unexhausted because the allegations relate to the "pre-appellate process" and are properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21.

In *State v. Gover, supra*, the Ohio Supreme Court held that a claim regarding the trial court's failure to notify appellate counsel of the appointment which resulted in an untimely appeal was properly raised in post conviction proceedings, rather than a Rule 26(B) application, since the claim related to the "pre-appellate" process. *Id.*, at 580. In *Steed v. Salisbury, supra*, the United States Court of Appeals for the Sixth Circuit dismissed the federal habeas corpus petition alleging denial of effective assistance of counsel and right to appeal based upon counsel's failure to notify the defendant of his withdrawal from the case as unexhausted where the claim had not previously been raised in the state courts, stating that the claim could be raised in post conviction proceedings. *Id.*, at 476.

Here, however, petitioner alleged as cause for the untimely filing of his appeal that he

> expressed his wishes to appeal his sentence to the court appointed attorney and was assured by this attorney that he would file a notice of appeal. After being transferred from the restrictive reception center to his parent institution appellant was advised by the legal clerks that he should write the clerk of court for a copy of the docket sheet to make sure than an appeal had in fact been filed on his behalf.

*Exhibit 5 to Return of Writ*. After examining the docket sheet, petitioner discovered that no appeal had been filed and filed his motion for a delayed appeal with the state appellate court. *Id.* Petitioner also asserted that the trial court did not advise him of his right to appeal or to have counsel appointed on his behalf for an appeal.[1] *Id.*

---

[1] The transcripts of petitioner's guilty plea and sentencing do not indicate that the trial court advised petitioner of his right to appeal. *See Supplemental Memorandum in Support*, Doc. No. 9.

5

The appellate court denied petitioner's motion for delayed appeal as follows:

> Appellant's conviction and subsequent sentence were based upon appellant's guilty plea to eight felony offenses. The counseled guilty pleas were entered in open court on September 2, 2005....
>
> During the hearing on petitioner's guilty plea, appellant signed a guilty plea form that included information on his appellate rights. "I understand that I can appeal as of right from my plea and sentence within thirty days of the filing of my judgment of conviction." Sentence was imposed in open court on January 20, 2006, and filed on January 23, 2006. Appellant did not file an appeal from that judgment.
>
> \*\*\*
>
> Appellant claims that he asked his attorney to file an appeal from his guilty pleas and sentence and that counsel said an appeal would be filed. Appellant claims that he was unaware that his attorney failed to file an appeal until he obtained a copy of the docket in his case. However, appellant does not explain why, after being made aware that no appeal had been filed, he then waited until July 7, 2006, to file the current motion.
>
> Appellant has not provided a reasonable explanation for his failure to file the motion for delayed appeal in a timely fashion. Therefore, the motion[] for leave to file a delayed appeal... [is] denied.

*Exhibit 7 to Return of Writ*. It appears from the record that Jackson obtained a copy of the State court docket in mid-April 2006, but he did not file a notice of appeal until 2½ months later. *See Doc. 7-3, at p. 23*. Petitioner thereafter asserted on appeal to the Ohio Supreme Court that he had been denied his right to appeal. He did not, however, raise a claim asserting the ineffective assistance of counsel. *See Exhibit 8 to Return of Writ*.

6

Thus, it appears the state courts had an opportunity to address both petitioner's claim of ineffective assistance of counsel as well as denial of right the right to appeal. Further, the time period for filing a post conviction petition has long since expired, and petitioner must meet the requirements of O.R.C. §2953.23, for consideration of a delayed post conviction petition, which provides:

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
> (1) Either of the following applies:
>
> (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
> (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

*Id.* The record does not reflect that petitioner can meet this standard here. Under such circumstances, a stay of proceedings pending exhaustion would not be appropriate. *See*

*Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir.2005)(claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising unexhausted claims in the state courts.) Exhaustion does not require a "meaningless foray through local tribunals." *See Landrum v. Com. of Ky.*, 380 F.Supp. 1338, 1339 (D.C. Ky. 1974)(Exhaustion does not require a "meaningless foray through local tribunals.")

In any event,

> [t]he exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2).

*Colbert v. Tambi*, 513 F.Supp.2d 927, 938 (S.D. Ohio 2007). For the reasons set out below, the Magistrate Judge concludes that petitioner's claim of denial of the right to appeal lacks merit and that his ineffective assistance of counsel claim is procedurally defaulted.

## DENIAL OF RIGHT TO APPEAL

Petitioner asserts that he was denied his right to appeal because the state courts failed to appoint appellate counsel on his behalf, his attorney failed to file the appeal after petitioner requested him to do so, the trial court failed to advise him of his appellate rights, and the state appellate court thereafter denied his motion for delayed appeal.

To the extent that petitioner asserts a violation of state law, such claim is not appropriate for federal habeas corpus review. A federal court may not issue a writ of

habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

That said, "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." *Wolfe v. Randle,* 267 F.Supp.2d 743, 746 (S.D.Ohio 2003).

> The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970)).... The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir.1985).... In order to make such a decision, the defendant must have knowledge about the appeals options available to him. *United States ex rel. Smith v. McMann,* 417 F.2d 648, 654 (2d Cir.1969), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970) (construing *Douglas v. California* as imposing on a state "a duty to warn every person convicted of a crime of his right to appeal...the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists."); *State v. Sims,* 27 Ohio St.2d 79,

9

> 272 N.E.2d 87, 91 (1971) (finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal...it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination.")

*Id.*, at 747-748.  However, "a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Peguero,* 526 U.S. at 29-30, 119 S.Ct. 961(citing *Soto v. U.S.,* 185 F.3d 48, 54 (2d Cir.1999)).

As discussed by the state appellate court, petitioner signed an *Entry of Guilty Plea* form acknowledging that he understood he could file an appeal within thirty days of his judgment of conviction. *See Exhibit 2 to Return of Writ.*  Further, petitioner's allegation that he requested his attorney to file the appeal establishes that he knew of his right to appeal. Therefore, the record fails to reflect that petitioner was unconstitutionally denied his right to appeal due to his lack of knowledge about such right. *See Wolfe v. Randle, supra*.

To the extent that petitioner asserts a claim of denial of the effective assistance of counsel based upon his attorney's failure to file an appeal after being requested to do so, for reasons that follow, such claim is procedurally defaulted.  The Court notes that respondent did not raise this particular aspect of procedural default and, as a general rule, the affirmative defense of procedural must be raised by the state, or it will be waived. *See Trest v. Cain,* 522 U.S. 87 (1997); *Gray v. Netherland,* 518 U.S. 152, 166 (1996).  However, while federal courts are not required to raise procedural default *sua sponte, Trest v. Cain, supra,* 522 U.S. at 89, neither are they precluded from doing so, so long as petitioner has been

given the opportunity to respond to the procedural default. *Howard v. Bouchard,* 405 F.3d 459, 476 (6th Cir.2005), *r'hng and r'hng en banc denied* July 6, 2005, citing *Lorraine v. Coyle,* 291 F.3d 416, 426 (6th Cir.2002); *Elzy v. United States,* 205 F.3d 882, 886 (6th Cir.2000); *Foti v. Bobby*, 2007 WL 1577785 (N.D. Ohio May 31, 2007)(citations omitted)(same). Here, respondent did generally refer to petitioner's failure to raise his claim of ineffective assistance of counsel to the Ohio Supreme Court, *Return of Writ*, at 4, and petitioner has responded to this contention. *See Traverse.* Further, petitioner may provide an additional response in objections to the Magistrate Judge's *Report and Recommendation*.

## PROCEDURAL DEFAULT

In claims one and two, petitioner asserts, *inter alia*, that he was denied the effective assistance of counsel when his attorney failed to file the appeal after being requested to do so. In claim three, petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). Acknowledging *Deitz v. Money* 391 F.3d 804 (6th Cir. 2004)(holding that Ohio's Appellate Rule 5(A), the provision governing delayed appeals, does not constitute an adequate state ground to preclude federal habeas corpus review under *Maupin*), respondent nonetheless argues that *Deitz* was incorrectly decided, and petitioner's claims therefore are procedurally defaulted due to his failure to file a timely appeal. *Return of Writ*, at 11-12. This argument is not persuasive. Regardless of respondent's position that *Deitz* was incorrectly decided, this Court is bound by that decision.

Still, as noted by respondent, petitioner never properly presented his *Blakely* claim

to the state courts. He referred to this claim in the first instance in his memorandum of law in his appeal to the Ohio Supreme Court from the state appellate court's denial of his motion for delayed appeal; however, he did not raise the claim as a proposition of law or in such a manner so as to properly appraise the Ohio Supreme Court of the claim. Finally, while petitioner did allege the ineffective assistance of counsel as cause for his untimely appeal, *see Exhibit 5 to Return of Writ*, he thereafter failed again to raise the claim on appeal to the Ohio Supreme Court. *Exhibit 8 to Return of Writ*. Further, petitioner may now no longer present either of the foregoing claims to the state courts under Ohio's doctrine of *res judicata*. *State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were not given the opportunity to enforce the procedural rule, due to the nature of petitioner's procedural default. This Court deems the first and second parts of *Maupin* to have been satisfied.

This Court must also decide whether the procedural rules at issue constitute an adequate and independent bases upon which to foreclose review of petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under

that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra*.

Petitioner has waived his right to present his claims of ineffective assistance of counsel due to his attorney's failure to file the appeal and *Blakely* for federal habeas review. Petitioner can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to establish cause for his procedural defaults.

Beyond the four part *Maupin* analysis, this Court must consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent..." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Upon review of the record, the Court does not deem this to be such a case.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel<br>
United States Magistrate Judge